# UNITED STATS DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | | |
|---|---|---|
| ADRIAN PRATHER, SR. | : | |
| 8612 Watershed Ct. | : | |
| Gaithersburg, MD 20877-3751 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. 16-587 |
| | : | |
| EQUIFAX INFORMATION SERVICES, LLC, | : | |
| 1550 Peachtree Street, NW | : | |
| Atlanta, GA 30309 | : | |
| | : | |
| Serve: CSC-Lawyers Incorporating Service Co. | : | |
| 7 St. Paul Street | : | |
| Suite 280 | : | |
| Baltimore, MD 21202 | : | |
| | : | |
| and | : | |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | : | |
| 505 City Parkway West | : | |
| Orange, CA 92668 | : | |
| | : | |
| Serve: The Corporation Trust Incorporated | : | |
| 351 West Camden Street | : | |
| Baltimore, MD 21201 | : | |
| | : | |
| and | : | |
| | : | |
| TRANS UNION, LLC, | : | |
| 1013 Centre Road | : | |
| Wilmington, DE 19805 | : | |
| | : | |
| Serve: CSC-Lawyers Incorporating Service Co. | : | |
| 7 St. Paul Street | : | |
| Suite 280 | : | |
| Baltimore, MD 21202 | : | |
| | : | |

|  |  |
|---|---|
| Defendants. | : |
| _____ | : |

## COMPLAINT

COMES NOW, the Plaintiff, Adrian Prather, Sr., and for his Complaint against the Defendants, he states as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2. Defendants—the "Big 3" consumer reporting agencies, have a long history of consumer complaints and lawsuits alleging that Defendants inaccurately report debts discharged in bankruptcy on consumer's credit reports. *See, e.g., White v. Experian Info. Solutions, Inc.*, Case No. 8:05-cv-01070 (C.D. Cal.). In this instance, representative of numerous others, Defendants published credit reports concerning Plaintiff with inaccurate and derogatory entries for debts discharged in bankruptcy.

## JURISDICTION

3. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to Local Rule 501(4)(b)(i) as Plaintiff is the only Maryland resident.

## PARTIES

4. Plaintiff is a natural person residing in Montgomery County, Maryland, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

5.      Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6.      Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7.      Defendant Experian Information Solutions, LLC ("Experian") is a foreign limited liability company authorized to do business in Maryland. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

8.      Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company authorized to do business in Maryland. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

## FACTS

9.      In 2010, Plaintiff filed a Chapter 7 bankruptcy in the United States Bankruptcy for the District of Maryland.

10.     On November 3, 2010, the Honorable Thomas J. Catliota entered an order granting

Plaintiff a discharge.

11. As a result of his no assets bankruptcy, Plaintiff obtained a discharge of certain debts belonging to Plaintiff, such as credit card debts.

12. Despite the discharge, Plaintiff obtained a copy of his credit reports from the Defendants on multiple occasions, which reflected Defendants were conveying inaccurate information related to his bankruptcy.

13. For example, Experian reported multiple debts as "charge off" as opposed to "discharged in bankruptcy," including credit card accounts with Capital One opened in June 2008; a Lendmark Financial Services account opened in September 2008; and multiple accounts with Montgomery City Federal Credit Union opened in 2007.

14. Similarly, Equifax and Trans Union reported multiple debts as "charge off" as opposed to "discharged in bankruptcy," such as the Lendmark Financial Services account and multiple accounts with Montgomery City Federal Credit Union.

15. This information was inaccurate and created the appearance that Plaintiff did not pay existing legal obligations. Moreover, once the accounts were discharged in bankruptcy, it is materially inaccurate and incomplete to report the accounts as "charge off."

16. The inaccurate reporting was caused by Defendants' failure to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the consumer reports it published and maintained regarding Plaintiff.

17. If Defendants had reasonable procedures (or any procedures whatsoever), they could have easily determined that these accounts were subject to Plaintiff's bankruptcy discharge.

18. For example, the fact that Defendants were reporting the bankruptcy in the public

records section should have been a red flag that these accounts were discharged in Plaintiff's bankruptcy.

19. Likewise, Defendants should have also been alerted to the inaccuracy of their reports based on the information provided by Plaintiff's other creditors, indicating that those accounts were included in bankruptcy.

20. However, upon information and belief, despite multiple lawsuits and complaints notifying Defendants of the inadequacies of their bankruptcy reporting procedures, Defendants continue to rely exclusively on the furnisher of the information even though the information is logically inconsistent with other information in the consumer's report.

21. At all times relevant hereto, Defendants' conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, Defendants conduct was willful because it was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that Defendant and other consumer reporting agencies have been subject to court decisions critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in parroting information they receive from their furnishers.

## COUNT I - FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## (EXPERIAN, EQUIFAX & TRANS UNION)

22. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

23. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer

report it furnished regarding the Plaintiff.

24. As a result of Defendant's conduct, Plaintiff suffered actual damages including but not limited to: denial of an ideal apartment for Plaintiff and his family, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

25. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

26. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally, for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

                                                Respectfully submitted,
                                                **ADRIAN PRATHER, SR.**

                                                By:__*/s/ Kristi C. Kelly*_____
                                                      Of Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com
*Counsel for Plaintiff*